# J. CARROLL SMITH, BY NEXT FRIEND, *vs*. THE PHILADELPHIA, BALTIMORE and WASHINGTON R. CO.

*Master and Servant—Assumption of Risks—Fellow-Servant—Workman Under Railroad Car Injured by Other Cars Moving on Same Track.*

The rule that one who remains in a service which necessarily exposes him to danger of injury from causes open and obvious must be considered as having assumed such risks, constitutes an exception to, or qualification of, the broad principle which requires the employer to use ordinary care to provide a reasonably safe place in which the servant may do his work.

Plaintiff was employed to make repairs in and under cars and had worked for four months under cars in the repair yards of the defendant railroad company. He knew that these cars might be struck or moved by engines or other cars on the same track. According to the rules of the defendant, it was the duty of a "gang inspector" to protect the men at work under cars by placing colored flags as signals. A train was backed in on the same track where was the car under which plaintiff was at work, and moving that car caused the injury to plaintiff, to recover damages for which this action was brought. On the day of this accident the "gang inspector" had failed to place the signal. *Held,* that the plaintiff is not entitled to recover, because he assumed the obvious risk and danger of the employment, and also because the failure to protect the plaintiff by the use of the signal flag was owing to the negligence of the "gang inspector," who was a fellow-servant with the plaintiff, and there is no evidence that the defendant did not use due care in selecting him for employment.

*Decided June 28th, 1909.*

Appeal from the Circuit Court for Cecil County (PEARCE, C. J., ADKINS and HOPPER, JJ.).

The cause was argued before BOYD, C. J., BRISCOE, SCHMUCKER, THOMAS, WORTHINGTON and HENRY, JJ.

*A. Freeborn Brown* and *Wm. Pepper Constable* (with whom were *Albert Constable* and *Michael H. Fahey* on the brief), for the appellant.

*Fred. T. Haines* (with whom was *L. Marshall Haines* on the brief), for the appellee.

BRISCOE, J., delivered the opinion of the Court.

This is a suit by the appellant against the appellee to recover damages for alleged personal injuries sustained by him while in the employ of the appellee corporation as a carpenter in the repair of certain freight cars near the City of Wilmington, Delaware.

The suit was instituted in the Circuit Court of Cecil County, and resulted in a verdict and judgment in favor of the defendant. At the trial of the case, the Court below, upon the conclusion of the plaintiff's testimony, granted the defendant's prayers, which practically withdrew the case from the consideration of the jury. They were as follows:

"The defendant prays the Court to instruct the jury that the plaintiff cannot recover in this case.

"First, because there is no evidence legally sufficient to be submitted to the jury of the defendant's negligence.

"Second, because from the uncontradicted evidence the accident occurred from dangers which were open and obvious and the risk of which the plaintiff assumed."

The declaration contains two counts, and will now be considered. The first count charges that on the 9th day of October, 1906, the plaintiff was employed by the defendant as a carpenter and engaged in the repair of one of the defendant's freight cars, which was placed on the siding for

repair, when without any notice or warning whatsoever to the plaintiff, one of the defendant's trains was backed in on said siding and struck the cars under which the plaintiff was working, thereby causing said cars under which the plaintiff was working to be moved and backed over the leg of the plaintiff, mashing the same, and causing much pain and suffering, necessitating medical treatment and skill and the shortening of the plaintiff's leg about two inches, caused by the negligence of the defendant, in not providing the plaintiff with a reasonably safe place to work, although the plaintiff was using due care and caution and did not contribute directly thereto, and the said injuries are permanent.

The second count charges that the accident was caused by the negligence of the defendant in not using and exercising ordinary care in the selection of competent employees, although the plaintiff was using due care and caution and did not by his negligence contribute directly thereto and the said injuries are permanent.

The general principles of law applicable to cases of this character are well settled in this State, and need but few citations of authority to sustain them. The cases of *Gans Salvage Co.* v. *Byrnes,* 102 Md. 247 and *Wood* v. *Heiges,* 83 Md. 269, are directly in point. In the former case it is said: "An employee who contracts for the performance of hazardous duties assumes such risks as are incident to their discharge from causes open and obvious, the dangerous character of which he had an opportunity to ascertain. One who remains in a service which necessarily exposes him to harardous risks from causes open and obvious, the dangerous character of which he knew or had an opportunity of knowing must be considered as having assumed such risks and if injured in consequence thereof has no claim against the employer. This doctrine while stated as a general rule constitutes an exception to or qualification of the broad principle which requires the employer to use ordinary care to provide a reasonably safe place in which the servant may perform his work. *B. & O. R. R. Co.* v. *Stricker,* 51 Md. 47; *Yates*

v. *McCullough Iron Works,* 69 Md. 370; 20 *A. & E. Ency. of Law,* 114."

In the case of *Wood* v. *Heiges,* 83 Md. 269, it is also said: The master is not an insurer of the servant's safety. He cannot be bound for his servant's injury without being chargeable with some neglect of duty measured by the standard of ordinary care. On the other hand, the servant is under an obligation to provide for his own safety when danger is either known to him or discoverable by the exercise of ordinary care. He must take ordinary care to learn the dangers which are likely to beset him, and where the servant is as well acquainted as the master with the dangerous nature of the instrument used he cannot recover.

An examination of the record in the case at bar will disclose an absence of evidence legally sufficient to show that the accident to the plaintiff was caused by failure of the appellee to discharge any of its legal duties toward the appellant. The burden of proof was upon the plaintiff to establish negligence upon the part of the defendant company—that is, that it failed to discharge its legal duties toward him—and, failing to offer evidence tending to prove these, it would have been error in the Court below to have refused the defendant's prayers.

The plaintiff was a young man of twenty years of age, and was employed as a carpenter and an iron worker in the repair yards of the defendant company. His general duty consisted in making repairs on any part of the cars and in replacing rods and iron work. On the day of the accident he was working under a freight car in the repair yard, and while so working a locomotive belonging to the appellee backed on the track for the purpose of removing other cars, and in attempting to extricate himself he was caught and injured. He had worked for the company for four months under freight cars and had full knowledge of the risk surrounding this kind of work. The plaintiff testified that he knew when he went in there that they ran engines in there on that track. He further testified in answer to the following questions:

"Q. You knew if an engine came in there and struck the car that was standing there and that ran against the car you were under that it might hurt you, didn't you?

A. If I thought of it I would have known it.

Q. You knew that as a matter of fact, didn't you?

A. Yes.

Q. Did you make any inquiry as to whether an engine was coming in there?

A. No.

Q. Did you do anything to protect yourself in any way?

A. No.

Q. Did you say anything to the gang foreman about protecting you?

A. No.

Q. Did you say anything to Hessian about it?

A. No.

Q. You didn't say anything to Hessian about it?

A. No; not about protection.

Q. You did know if a car ran against the one you were under you would be hurt?

A. We would be very apt to be.

Q. That was obvious to anybody?

A. Yes.

Q. You didn't have the idea that you were made safe under there?

A. No.

Q. You never heard anything about that?

A. No.

Q. Did you ever see a flag set around on the track?

A. No.

Q. You never saw a flag on the car or track?

A. If I did, I didn't notice it, I didn't pay any attention to it if I did; but I don't remember seeing any.

Q. You didn't see any flag of any kind around there?

A. No.

Q. Did you ever hear any man going down there warning you to get from under there or see if you were under there?

A. Did I hear?

Q. On other days?

A. Yes."

There was evidence, also, to the effect that the company had established and promulgated rules and regulations to protect men working under cars in their repair yards and shops, by placing blue or red flags as signals, but that "the Gang Inspector" on the occasion of the accident, failed to place such a flag.

We are of the opinion that the record in this case does not furnish any legally sufficient evidence of negligence of the appellee causing the accident, and the prayers of the appellee were properly granted.

There was positive and uncontradicted evidence to the effect that the risks attending and surrounding the accident were perfectly open, patent and obvious, and the plaintiff was as well acquainted with the dangerous nature of the work, as the defendant corporation. It was a danger that was seen, and willingly assumed by the plaintiff, and was in no way hidden or concealed.

As to the failure of the car inspector and gang foreman to place the flag as a signal to protect the men working under the cars, we need only say that these persons were employees of the defendant company and co-employees of the plaintiff, and their negligence was the negligence of a fellow servant for which the master was not responsible, there being no evidence whatever that the appellee had employed unfit and unsuitable persons to perform the work. *Moret* v. *Car Works,* 99 Md. 471; *Natl. Enameling Co.* v. *Cornell,* 95 Md. 524; 12 *A. & E. Ency. of Law,* 967; *Wood* v. *Heiges,* 83 Md. 268; *N. & W. R. Co.* v. *Hoover,* 79 Md. 255.

Finding no error in the rulings of the Court, and for the reasons stated, the judgment will be affirmed.

*Judgment affirmed with costs.*